# EXHIBIT "A-1"

Filed: 12/21/2017 12:01 PM
Lynne Finley
District Clerk
Collin County, Texas
By Morgan Hockett Deputy
Envelope ID: 21432772

Cause No. 219-06104-2017

| | | |
|---|---|---|
| EMERGENCY STAFFING SOLUTIONS, INC., | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | COLLIN COUNTY, TEXAS |
| PICKENS COUNTY MEDICAL CENTER, INC. | § | |
| | § | |
| Defendant. | § | _______ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

Plaintiff Emergency Staffing Solutions, Inc. ("Plaintiff" or "ESS") files this Plaintiff's Original Petition against Defendant Pickens County Medical Center, Inc. ("PCMC") and would respectfully show this Court as follows:

**I.**
**INTRODUCTION**

1. This action arises from PCMC's breach of contract. ESS seeks monetary damages and an award of its attorneys' fees. Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, ESS intends that discovery should be conducted under Level 2.

2. ESS seeks only monetary relief over $200,000 but not more than $1,000,000.

**II.**
**PARTIES**

3. Plaintiff Emergency Staffing Solutions, Inc. is a Texas corporation with its principal place of business in Collin County, Texas.

4. Defendant Pickens County Medical Center, Inc. is an Alabama non-profit corporation. PCMC may be served with process in this action by delivering a citation and a copy of this petition to its registered agent, Robert A. Sheppard, at #1 R K Wilson Drive, Carrolton, AL 35447.

## III.
## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction because no other court has exclusive jurisdiction of the subject matter of these causes and the amount in controversy exceeds the minimum jurisdictional limits of this Court.

6. PCMC is not based in this state. This Court can exercise specific jurisdiction over PCMC because PCMC purposefully established minimum contacts with Texas. For the reasons set forth below, ESS can establish specific jurisdiction for Defendants.

7. In need of emergency staffing services for Hospital, PCMC reached out to ESS in Texas to determine if ESS could fulfill this need. PCMC then negotiated with ESS to come to an acceptable agreement. Thereafter, PCMC executed a contract, by mail or otherwise, with ESS, a Texas corporation. ESS's performance under the contract was to take place and did take place in whole or in part in Texas. PCMC is therefore subject to the Texas long-arm statute. Tex. Civ. Prac. & Rem. Code § 17.042.

8. PCMC has established, by its own actions, minimum contacts with the State of Texas. PCMC solicited and engaged the services of ESS, a Texas corporation. ESS performed its obligations under the contract in Texas. PCMC regularly made payments to a Texas bank. PCMC often communicated by telephone and email with employees of ESS based in Texas.

9. The causes of action listed herein arose from PCMC's contacts with Texas, and PCMC is therefore subject to specific jurisdiction in Texas. Furthermore, the agreement between PCMC and ESS has a choice of law provision indicating Texas law applies and contains a venue provision contemplating litigation proceeding in Collin County, Texas.

10. Jurisdiction in this Court does not violate traditional notions of fair play and substantial justice.

11. Venue is proper in this Court under Texas Civil Practice and Remedies Code § 15.002 because a substantial part of the events or omissions giving rise to this claim occurred in Collin County, Texas.

## IV.
## FACTUAL ALLEGATIONS

12. ESS specializes in the business of contracting with hospitals to provide, among other things, emergency billing and physician staffing services.

13. ESS maintains its principal place of business in Collin County, Texas. From its Collin County location, ESS manages its contractual relationships with physicians, processes payment for those physicians, negotiates staffing service contracts, negotiates independent contractor contracts, and otherwise manages its physician staffing business.

14. ESS expends substantial resources to attract and retain qualified emergency department physicians to provide services for its hospital clients.

15. ESS's development of contractual relationships with qualified emergency physicians and hospitalists ("ESS Physicians") gives ESS a competitive advantage in the industry and constitutes a significant factor in ESS's ability to attract new hospital clients.

16. To protect and maintain its contractual relationships, ESS routinely enters into no-hire agreements that, during a defined period, prevents ESS's hospital clients from attempting to hire ESS Physicians without compensation to ESS. No-hire agreements are standard in the physician-staffing industry and hospitals routinely negotiate, agree to, and comply with, contracts that contain no-hire agreements.

17. On or about June 1, 2016, ESS and PCMC entered into a contract whereby ESS agreed to provide emergency department and hospitalist physician billing, staffing, and management services to PCMC in exchange for PCMC's agreement to compensate ESS for those

services (the "Agreement").

18. ESS performed all of its obligations under the Agreement. ESS also timely issued invoices for serviced provided during the term of the Agreement.

19. On or about October 31, 2017, PCMC repudiated the Agreement and unilaterally terminated the Agreement in clear violation of the express terms of the Agreement. ESS did not agree to this premature termination of the Agreement.

20. As of the date of this Original Petition, PCMC still owes ESS for services rendered and volume guarantees under the Agreement.

21. A no-hire provision in Paragraph 8 of the Agreement provides that, during the term of the Agreement and for a period of 24 months after the termination of the Agreement, Defendant cannot:

> . . . directly or indirectly (including, without limitation, through a controlled affiliate) solicit, retain, employ contract with or otherwise engage or be the beneficiary of the professional services of [the ESS Physicians"] . . .

22. Paragraph 8 of the Agreement further provides that ESS may, in its sole discretion, elect to waive the restrictive covenant set forth in Paragraph 8 upon ESS's receipt of compensation in the amount of $50,000 per physician.

23. Upon information and belief, PCMC improperly retained the services of at least one ESS Physician that provided medical services to PCMC in the satisfaction of ESS's obligations under the Agreement. PCMC is well aware that this action is a blatant violation of the Agreement. Accordingly, ESS has the option to seek $50,000 for each ESS Physician that is retained.

24. ESS's has contacted PCMC, notified PCMC of its breaches of the Agreement and demanded that PCMC pay ESS per the terms of the Agreement.

25. To date, PCMC has failed and refuse to pay ESS as required by the terms of the

Agreement.

26. ESS now brings this lawsuit and seeks monetary damages resulting from PCMC's breaches of the Agreement.

## V.
## CAUSES OF ACTION/REMEDIES

**Count 1: Breach of Contract**

27. ESS hereby incorporates the allegations contained in the foregoing paragraphs as if restated in full herein.

28. PCMC entered into an Agreement whereby it agreed to pay ESS for services rendered under the Agreement. The Agreement further provides that, during the term of the Agreement and for a period of 24 months after the termination of the Agreement, PCMC must refrain from retaining the services of the ESS Physicians that provided medical services to PCMC in the satisfaction of ESS's obligations under the Agreement.

29. PCMC breached the Agreement by failing to refrain from retaining the services of at least one of the ESS Physicians during the restricted period.

30. PCMC also breached the Agreement by failing to timely pay ESS for services rendered.

31. PCMC also breached the Agreement by unilaterally terminating and thereby repudiating the Agreement. PCMC's repudiation of the Agreement caused ESS to incur monetary damages, including the lost value of the expected performance of the Agreement.

32. As a result of PCMC's breaches of the Agreement, ESS has been damaged in an amount to be determined at trial, but in excess of the minimum jurisdictional limits of this Court. ESS seeks actual damages and special damages in the form of lost profits and disgorgement of profits.

**Count 2: Quantum Meruit**

33. ESS hereby incorporates the allegations contained in the foregoing paragraphs as if restated in full herein.

34. At PCMC's request, and with PCMC's knowledge and approval, ESS conferred a benefit on PCMC.

35. PCMC had reasonable notice that ESS expected compensation for the services provided by ESS.

36. If PCMC is allowed to retain the benefits without compensating ESS, PCMC will be unjustly enriched.

37. As a result, ESS has been damaged in an amount to be determined at trial, but in excess of the minimum jurisdictional limits of this Court.

**Count 3: Attorneys' Fees**

38. ESS hereby incorporates the allegations contained in the foregoing paragraphs as if restated in full herein.

39. As a result of the allegations set forth above, ESS has been forced to retain legal counsel to represent it in this matter and has agreed to pay its counsel reasonable and necessary attorneys' fees.

40. Accordingly, pursuant to § 38.001 *et seq.* of the Texas Civil Practice and Remedies Code, ESS requests that upon final resolution of this matter, it be awarded its reasonable and necessary attorney fees and costs in this action.

## VI.
## REQUEST FOR RELIEF

CONSIDERING THESE PREMISES, ESS respectfully requests that, upon final resolution of this matter, this Court enter a judgment against Defendant Pickens County Medical Center, Inc. for the following relief:

(A) Monetary damages in an amount to be determined at trial;

(B) Lost profits, disgorgement of profits in an amount to be determined at trial;

(C) All attorneys' fees and costs of court;

(D) Any and all costs and reasonable attorneys' fees incurred in any and all related appeals and collateral actions, if any;

(E) Pre-judgment and post-judgment interest on all sums at an interest rate of 18% per the terms of the Agreement; and

(F) Such other and further relief to which this Court deems that ESS is justly entitled.

Respectfully submitted,

/s/ John M. Hafen

John M. Hafen
Texas State Bar No. 24057879
jmh@hanshawkennedy.com
David R. Wortham, Jr.
Texas State Bar No. 24093392
drw@hanshawkennedy.com

**HANSHAW KENNEDY HAFEN, LLP**
1415 Legacy Drive, Suite 350
Frisco, Texas 75034
Telephone: (972) 731-6500
Telecopier: (972) 731-6555

**ATTORNEYS FOR PLAINTIFF**