# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| EMERGENCY STAFFING SOLUTIONS, INC.<br><br>v.<br><br>PICKENS COUNTY HEALTH CARE AUTHORITY d/b/a PICKENS COUNTY MEDICAL CENTER | §<br>§<br>§  Civil Action No. 4:18-CV-00093<br>§  Judge Mazzant<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Emergency Staffing Solutions, Inc.'s ("ESS") Motion to Dismiss for Failure to State a Claim (Dkt. #14). After reviewing the relevant pleadings and motion, the Court finds ESS's motion should be denied.

### BACKGROUND

This case arises out of a contract dispute between ESS and Defendant Pickens County Health Care Authority d/b/a Pickens County Medical Center ("Pickens"). Plaintiff ESS is in the business of providing emergency billing and physician staffing to hospitals. On June 1, 2016, ESS and Pickens entered a contract whereby ESS would provide hospital billing, staffing, and management services in exchange for compensation from Pickens ("the Contract"). On October 31, 2017, Pickens terminated the Contract. Based on this termination, which ESS contends is in clear violation of the Contract, ESS filed the present suit on December 21, 2017, asserting a breach of contract claim against Pickens.[1]

However, according to Pickens, Pickens decided to enter the Contract based on representations that ESS made in its promotional materials—its website—and also in the proposal

---

[1] On February 9, 2018, the suit was removed to the Eastern District of Texas.

that Pickens submitted ("the Proposal"). Among other things, ESS represented that it would provide not only staffing, but also management services and that ESS would be able to ensure compliance with core measures, increase coding accuracy, and provide proper documentation and physician training. ESS contends that these representations were false, evidenced by the fact that ESS failed to provide any of the additional services it offered in its representations. Based on this failure, Pickens provided oral and written notice of the default to ESS on numerous occasions, including letters dated January 18, 2017 and February 8, 2017. ESS did not cure the default after receiving written and oral notice, and as such, terminated the Contract. Accordingly, after ESS filed its lawsuit asserting a breach of contract claim, Pickens asserted a counterclaim for breach of contract and fraudulent inducement into the Contract.

Subsequently, on April 11, 2018, ESS filed the present motion to dismiss Pickens's counterclaim of fraudulent inducement (Dkt. #14). On April 25, 2018, Pickens filed a response to the motion (Dkt. #17). No reply was filed.

## LEGAL STANDARD

### I. Federal Rule of Civil Procedure 12(b)(6)

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in plaintiff's complaint and view those facts in the light most favorable to the plaintiff.

*Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "'A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing [C]ourt to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## II. Federal Rule of Civil Procedure 9(b)

Rule 9(b) states, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b).

Rule 9(b)'s particularity requirement generally means that the pleader must set forth the "who, what, when, where, and how" of the fraud alleged. *United States ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005). A plaintiff pleading fraud must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002). The goals of Rule 9(b) are to "provide[] defendants with fair notice of the plaintiffs' claims, protect[] defendants from harm to their reputation and goodwill, reduce[] the number of strike suits, and prevent[] plaintiffs from filing baseless claims." *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009) (citing *Melder v. Morris*, 27 F.3d 1097, 1100 (5th Cir. 1994)). Courts are to read Rule 9(b)'s heightened pleading requirement in conjunction with Rule 8(a)'s insistence on simple, concise, and direct allegations. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997). However, this requirement "does not 'reflect a subscription to fact pleading.'" *Grubbs*, 565 F.3d at 186. "Claims alleging violations of the Texas Insurance Code and the DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of Rule 9(b)." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998); *see Berry v. Indianapolis Life Ins. Co.*, No. 3:08-CV-0248-B, 2010 WL 3422873, at *14 (N.D. Tex. Aug. 26, 2010) ("'[W]hen the parties have not urged a separate focus on the negligent misrepresentation claims,' the Fifth Circuit has found negligent misrepresentation claims

4

subject to Rule 9(b) in the same manner as fraud claims."). Failure to comply with Rule 9(b)'s requirements authorizes the Court to dismiss the pleadings as it would for failure to state a claim under Rule 12(b)(6). *United States ex rel. Williams v. McKesson Corp.*, No. 3:12-CV-0371-B, 2014 WL 3353247, at *3 (N.D. Tex. July 9, 2014) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).

## ANALYSIS

Although Pickens alleges two claims against ESS in its counterclaim—breach of contract and fraudulent inducement, ESS only moves to dismiss Pickens's fraudulent inducement claim. ESS argues that Pickens's fraudulent inducement claim fails to satisfy the pleading requirements under Rules 8(a) and 9(b) (Dkt. #14 at p. 1). Therefore, ESS asks the Court to dismiss Pickens's fraudulent inducement claim or, alternatively, order Pickens to amend its counterclaim (Dkt. #14 at p. 10). Conversely, Pickens asserts that it "adequately pleaded its cause of action for fraud." (Dkt. #17 at p. 13). The Court addresses each argument in turn.

### I. Federal Rule of Civil Procedure Rule 8(a)

ESS argues that Pickens insufficiently pleaded two elements of fraudulent inducement by failing to plead that ESS (1) made a representation of material fact; (2) which was false (Dkt. #14 at pp. 4, 7–9). First, ESS argues that its representations were statements of opinion and, thus, could not be relied on by Pickens (Dkt. #14 at pp. 7–9). Second, ESS contends that it cannot determine which representations are challenged as false (Dkt. #14 at p. 4). In contrast, Pickens argues that ESS's representations about its services are statements of fact that are "specific, measurable, and

can be proven false." (Dkt. #17 at p. 15). Pickens further asserts that Pickens alleged that each representation was false (Dkt. #17 at p. 4).

In Texas, a plaintiff claiming fraudulent inducement must prove that the defendant (1) made a representation of material fact; (2) which was false; (3) which was either known to be false when made or was asserted without knowledge of the truth; (4) which was intended to be acted upon; (5) which was relied upon; and (6) which caused injury. *Ibe v. Jones*, 836 F.3d 516, 525 (5th Cir. 2016) (citing *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 688 (Tex. 1990)). The Court addresses ESS's arguments in order.

### 1. Representation of Material Fact

ESS argues that Pickens cannot sufficiently plead a representation of material fact as a matter of law because the statements alleged are merely opinions (Dkt. #14 at pp. 7–9). Particularly, ESS claims that its representations were merely predictions and/or puffery (Dkt. #14 at pp. 8–9).

To constitute actionable fraud, a false representation must relate to material facts. *GMAC Commercial Mortg. Corp. v. E. Tex. Holdings, Inc.*, 441 F. Supp. 2d 801, 806 (E.D. Tex. 2006) (citations omitted). "A representation of fact can constitute actionable fraudulent inducement only if it '(1) admits of being adjudged true or false in a way that (2) admits of empirical verification.'" *Hoffman v. L & M Arts*, 838 F.3d 568, 579 (5th Cir. 2016) (quoting *Presidio Enters., Inc. v. Warner Bros. Distrib. Corp.*, 784 F.2d 674, 679 (5th Cir. 1986)). An expression of opinion is not a representation of material fact and, thus, does not provide a basis for fraud. *Id.* (citing *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337–38 (Tex. 2011)). A promise for a specific act is not an expression of opinion but a representation of material fact. *LVI Facility Servs., Inc. v. Watson Rd. Holding Corp.*, No. A-12-CV-672-LY, 2013 WL 5519588, at

*13 (W.D. Tex. Oct. 1, 2013) (citing *Dowling v. NADW Mktg., Inc.*, 631 S.W.2d 726, 728–29 (Tex. 1982)). Accordingly, a defendant's representation that the defendant would provide specific services is not an opinion and, therefore, supports a claim for fraud. *Id*.

Here, Pickens alleges that ESS represented that it would "ensure compliance with appropriate core measures," "increase DRG coding accuracy and provide appropriate documentation," and provide "effective physician training and value added services." (Dkt. #13 at p. 9). Pickens also claims that ESS stated that its "value added services" included "performance improvement, patient satisfaction, admission maximization, market programs, community perception/needs surveying, case management and utilization management." (Dkt. #13 at p. 9). ESS's representations describe its provision of specific services; therefore, ESS's representations are not opinions but representations of material fact. *LVI Facility Servs., Inc.*, 2013 WL 5519588, at *13. Taking these allegations as true, as the Court must do on a motion to dismiss, the Court finds that Pickens sufficiently pleaded that ESS made representations of material fact.

### 2. False Representation

ESS challenges the second element that the representation was false. ESS contends that Pickens failed to specify which representations were falsely made, causing unfair ambiguity in Pickens's pleading (Dkt. #14 at p. 4). To succeed on a claim for fraudulent inducement, a plaintiff must prove that the defendant made a material representation that was false. *Ibe*, 836 F.3d at 525 (citing *DeSantis*, 793 S.W.2d at 688). Thus, the plaintiff must specify which statements are

allegedly fraudulent. *ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 349 (5th Cir. 2002) (citing *Nathenson v. Zonagen Inc.*, 267 F.3d 400, 412 (5th Cir. 2001)).

Pickens alleged that the representations within the counterclaim were false (Dkt. #13 at pp. 8–9, 16). Viewing these allegations as true, the Court finds that Pickens sufficiently pleaded that ESS's representations were false.

## II. Federal Rule of Civil Procedure 9(b)

ESS asserts that Rule 9(b) is unsatisfied because Pickens did not plead fraudulent inducement with particularity. ESS claims that Pickens failed to provide the "who, what, when, where, and how" of the fraudulent inducement (Dkt. #14 at pp. 1–2). Conversely, Pickens claims that its counterclaim "provided ESS with fair notice of the . . . representations that were made about the services ESS claimed to provide," "where the representations were made," "the approximate time period they were made," and "what ESS obtained by the misrepresentation." (Dkt. #17 at p. 9).

Pickens alleges that ESS's representations come from its website and Proposal. The challenged statements on ESS's website are:

> [(1) ESS is] in the business of Emergency Department management – not just staffing . . .
>
> [(2) ESS's] programs provide a range of added-value services to manage, performance improvement, improve patient satisfaction, and increase ED and impatient volumes. . . .
>
> [(3) ESS's] service doesn't stop once [it has] supplied your facility with stable, full-time physicians. [ESS] provide[s] ongoing support to improve your team's skills and capabilities, and to streamline your operational processes, such as billing, marketing, admission, data gathering, and payments collection. [ESS's] programs and services will help your facility stay on the right path to success. [ESS's] ability to work closely with partners sets us apart from other physician staffing companies in the country.

(Dkt. #13 at pp. 8–9). The challenged statements in the Proposal are:

> [(1) ESS promises to] ensure compliance with appropriate core measures . . .
>
> [(2) ESS promises to] increase DRG coding accuracy and provide appropriate documentation in support of the most accurate CPT code. . . .
>
> [(3) ESS promises to provide] effective physician training and value added services aimed at volume maximization. . . .
>
> [(4) ESS promises to provide] performance improvement, patient satisfaction, admission maximization, market programs, community perception/needs surveying, case management and utilization management.

(Dkt. #13 at p. 9). The Court addresses Rule 9(b)'s requirements for each statement.

### a. Who

ESS claims that Pickens failed to identify the "specific persons [at ESS] who made the representations" or "who sent the proposal or promotional materials." (Dkt. #14 at p. 6). ESS also argues that Pickens failed to identify the person at Pickens who accessed ESS's website (Dkt. #14 at p. 6).

A plaintiff must identify who made the representation. *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) (citations omitted). Particularly, the plaintiff must identify the "individual or entity making the statement." *See Ryan v. Brookdale Int'l Sys., Inc.*, No. CIV.A. H-06-01819, 2007 WL 3283655, at *6 (S.D. Tex. Nov. 6, 2007). Under certain factual situations, a plaintiff may allege that an entity, instead of a "specific employee", made a fraudulent statement. *U.S. ex rel. Johnson v. Shell Oil Co.*, 183 F.R.D. 204, 207 (E.D. Tex. 1998). For example, if alleging a "specific employee" would require personal knowledge of the entity's internal affairs, such an allegation is not required because a plaintiff cannot be expected to have knowledge of an entity's internal operations. *Id.* Further, if the remaining 9(b) requirements are specifically pleaded, a complaint may not need to have a "specific employee" alleged to be considered sufficient for purposes of Federal Rule of Civil Procedure 9(b). *Id.*

9

Pickens alleges that "ESS made material representations" through its website and Proposal (Dkt. #13 at pp. 8–9, 16). Pickens cannot be expected to have personal knowledge of ESS's internal affairs regarding the creation of the website and Proposal. *See U.S. ex rel. Johnson*, 183 F.R.D. at 207; *C.W. v. Zirus*, No. 10-CV-01044-XR, 2012 WL 12919096, at *3 (W.D. Tex. June 6, 2012). Accordingly, this case presents such a circumstance where alleging the entity, as opposed to a "specific employee", is sufficient. *See U.S. ex rel. Johnson*, 183 F.R.D. at 207; *C.W.*, 2012 WL 12919096, at *3. Therefore, the Court finds that Pickens pleaded with particularity facts establishing who was responsible for the representations.

  **b. What**

ESS generally contends that Pickens's counterclaim "completely failed to provide the . . . what" of the fraudulent inducement (Dkt. #14 at p. 6). If, in fact, ESS challenges whether Pickens met the "what" requirement, the Court will consider that challenge below.

A plaintiff must identify what representation the defendant falsely made. *Langton*, 282 F. Supp. 2d at 507. Under Rule 9(b), a complaint sufficiently identifies a defendant's representation on its website or in printed materials by "cit[ing] the specific language" contained therein. *C.W.*, 2012 WL 12919096, at *3. Thus, by citing the specific language of a representation made on a company's website or in its printed materials, the plaintiff gives the defendant fair notice of the statements challenged as fraudulent. *Id.*

In alleging ESS's representations, Pickens cited the specific language of ESS's website and Proposal. Specifically, Pickens quotes the language from the website that ESS is "in the business of Emergency Department management" and its "programs provide a range of added-value services." (Dkt. #13 at pp. 8–9). Additionally, Pickens quotes the website in stating that ESS promised to provide "ongoing support to improve your team's skills and capabilities, and to

streamline your operational processes, such as billing, marketing, admission, data gathering, and payments collection." (Dkt. #13 at pp. 9). Pickens further cites the Proposal, in which ESS promised to "ensure compliance with appropriate core measures," "increase DRG coding accuracy and provide appropriate documentation," and provide "effective physician training and value added services." (Dkt. #13 at p. 9). Because Pickens cited the specific language contained in the website and Proposal, Pickens sufficiently identified ESS's representations, providing ESS with fair notice of the statements challenged as fraudulent. Therefore, the Court finds that Pickens pleaded with particularity regarding what representations were falsely made.

### c. When

ESS asserts that Pickens failed to state when ESS's representations were made or when Pickens accessed the website (Dkt. #14 at p. 7). ESS acknowledges, however, that Pickens referenced the date the Proposal was received by Pickens (Dkt. #14 at p. 7).

A plaintiff must identify when a representation was made. *Tel-Phonic Servs., Inc.*, 975 F.2d at 1139. To sufficiently identify when a representation was made, the plaintiff must provide a date or time related to the representation. *Ricupito v. Indianapolis Life Ins. Co.*, No. 3:09-CV-2389-B, 2010 WL 3855293, at *5 (N.D. Tex. Sept. 30, 2010). However, an overly broad time period does not adequately indicate when the fraud took place. *See 7-Eleven Inc. v. Puerto Rico-7 Inc.*, No. 3:08-CV-00140-B, 2008 WL 4951502, at *5 (N.D. Tex. Nov. 19, 2008) (citing *Williams*, 112 F.3d at 177). For example, a period that "could have been weeks or months" is overly broad and, thus, fails to satisfy Rule 9(b). *Id*. (citations omitted).

Pickens alleges that ESS made representations in its Proposal submitted to Pickens on September 28, 2015 (Dkt. #13 at p. 9). Because Pickens provided a time related to the Proposal's

11

representations, the Court finds that Pickens pleaded with particularity facts describing when ESS made representations in its Proposal.

Pickens also argues that ESS made representations on its website prior to June 1, 2016 (Dkt. #17 at p. 11). However, this time period could have been for weeks or months and, therefore, is overly broad. *7-Eleven Inc.*, 2008 WL 4951502, at *5. Thus, the Court finds Pickens's pleading is insufficient to indicate with particularity when ESS made representations on its website.

### d. Where

ESS argues that Pickens did not specify where the representations occurred (Dkt. #14 at p. 6). ESS states that Pickens attributed ESS's representations to its promotional materials—not the website, forcing ESS to presume that Pickens quoted the website (Dkt. #14 at p. 6). Moreover, ESS complains that Pickens did not specify which version of the website it accessed.

A plaintiff must identify where the representation occurred. *Williams*, 112 F.3d at 178. A representation may be made on a defendant's website or print media. *See C.W.*, 2012 WL 12919096, at *2; *Ryan*, 2007 WL 3283655, at *6. Pickens alleges that ESS made representations in its website and Proposal (Dkt. #13 at pp. 8–9). Therefore, the Court finds that Pickens pleaded with particularity facts showing where the representations occurred.

### e. How

ESS generally argues that Pickens's counterclaim failed to allege "how the representation was made . . . ." (Dkt. #14 at p. 6). However, ESS did not expand on this argument. If ESS challenges whether Pickens met the "how" requirement, the Court will consider that challenge accordingly.

A plaintiff must explain how the representation was fraudulent. *Williams*, 112 F.3d at 179. Accordingly, the plaintiff must "sufficiently identify the factual basis" explaining how a

12

representation was false. *Cannedy v. Wells Fargo Bank, N.A.*, No. 4:16-CV-00046, 2016 WL 3946793, at *6 (E.D. Tex. June 28, 2016), *report and recommendation adopted by*, 2016 WL 3917715 (E.D. Tex. July 20, 2016).

Pickens alleges that ESS stated that it was "in the business of Emergency Department management – not just staffing." (Dkt. #13 at p. 8). Additionally, Pickens alleges that ESS listed the management services that it would provide to Pickens (Dkt. #13 at pp. 8–9). Pickens asserts that ESS's statements about its business and the services it would provide were fraudulent because ESS did not provide services other than staffing, including the management services it enumerated in its representations (Dkt. #13 at pp. 10–15). By alleging that ESS failed to provide the management services it represented, Pickens identified the factual basis explaining how ESS's representations were false. Therefore, the Court finds that Pickens pleaded with particularity facts describing how ESS's representations were fraudulent.

In sum, Pickens pleaded with particularity facts showing the "who, what, . . . where, and how" of the alleged fraudulent inducement. *Broxterman*, 2016 WL 397560, at *2 (citation omitted). However, Pickens failed to meet Rule 9(b)'s "when" requirement. *Id*. In particular, Pickens failed to properly plead facts detailing when ESS made its representations on its website. Although the Court finds that Pickens did not satisfy the heightened pleading standard, the Court finds the appropriate remedy is to allow Pickens to replead and to fix the deficiencies identified in this order.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Dismiss for Failure to State a Claim (Dkt. #14) is hereby **DENIED**. Furthermore, Defendant is ordered to replead to fix the deficiencies

regarding Rule 9(b)'s "when" requirement within fourteen (14) days of receipt of this Order as to its fraudulent inducement claims.

    **SIGNED this 29th day of June, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE